IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JESSICA DANIELLE BROWN CARROLL**                    **PLAINTIFF**

**VERSUS**                                **CAUSE NO:1:17-cv-230-LG-RHW**

**CITY OF LUCEDALE, MISSISSIPPI;**
**GEORGE COUNTY, MISSISSIPPI; and**
**WARREN AVERY individually and in his official**
**Capacity as an employee of George County, Mississippi**        **DEFENDANTS**

## AMENDED COMPLAINT
## JURY TRIAL DEMANDED

COMES NOW, Plaintiff, by and through undersigned counsel, and makes this, her Amended Complaint against named Defendants, and would show unto the Court the following, to wit:

### PARTIES

1. Plaintiff, Jessica Danielle Brown Carroll, is a resident citizen of Mobile County, Alabama who may be contacted through undersigned counsel.

2. Defendant City of Lucedale, hereinafter "Lucedale," is a government entity organized under the laws of the State of Mississippi who may be served with process through Mayor Doug Lee at 5126 Main Street, Lucedale, Mississippi.

3. Defendant George County, Mississippi, hereinafter "George County," is a government entity organized under the laws of the State of Mississippi who may be served with process through Chancery Clerk Cammie Byrd at 355 Cox Street, Suite A, Lucedale, Mississippi.

4. Defendant Warren Avery is sued in his individual capacity and in his official capacity as an employee of George County. Avery is, upon information and belief, a resident citizen of George County, who may be in the custody of the Mississippi Department of Corrections.

## JURISDICTION AND VENUE

5. The misconduct complained of herein arose in George County, Mississippi. Jurisdiction of the parties and of the subject matter of this action are proper in this Court.

6. Venue is proper pursuant to Miss. Code Ann. § 11-11-3 because substantial acts and omissions which caused the injury occurred in George County, Mississippi, and because the action against governmental entities must be commenced in the county where the entities are located.

7. This action is authorized by 42 U.S.C. § 1983 and made pursuant to the 1st, 4th, 8th, and 14th Amendments to the United States Constitution.

## FACTUAL ALLEGATIONS

8. In August of 2016 Brown was detained and incarcerated in the George County Regional Correctional Facility due to her alleged failure to pay old fines.

9. Brown was incarcerated without a hearing.

10. Upon information and belief, the underlying charges for the old fines would not impose a term of imprisonment for Brown, nor was any term of imprisonment suspended on the underlying misdemeanor charges.

11. During Brown's first term of incarceration complained of herein[1], Brown was raped and sexually assaulted by corrections officer, Warren Avery, on two separate occasions.

---

[1] August 2016 through September 2016

12. Prior to the rape and sexual assaults, Warren Avery was allowed to spray Brown and other females with disinfectant while the females were completely undressed and naked, humiliating and embarrassing Brown and other female inmates. This deprivation of Brown's rights was done in accordance with Defendants' policies and/or at the insistence and approval of a final policy maker.

13. Warren Avery was allowed full and unfettered access to female inmates without the supervision or involvement of a female officer. Avery was allowed to move, transfer, and interact with female inmates without a female officer being present.

14. Warren Avery would make perverse and inappropriate comments to female inmates in the presence of other corrections officers and supervisors. George County took no action to prevent Avery's actions. Upon information and belief, Brown was not the first female inmate raped and/or sexually assaulted by Avery.

15. George County was, upon information and belief, suspicious of Avery's actions, but took no action to prevent the rape and assault of Brown during her unlawful incarceration.

16. Following the rapes and sexual assaults, Brown complained to jail officers. After making her complaints of rape and sexual assault, Brown was placed in solitary confinement and deprived of the customary sack lunches as punishment for her complaints. Only because of overcrowding was Brown later removed, on or about September 21, 2016, from solitary confinement and released to make room for additional inmates.

17. On or about April 15, 2017, Brown was again unlawfully incarcerated by the Defendants for unpaid fines, without a hearing, at the George County Regional Correctional Facility. During

this time, an incident arose whereby, without any warning, "Officer Prentiss[2]" improperly and intentionally discharged a pressurized pepper spray into Brown's face.

18. Upon information and belief, video evidence clearly indicates that there was no need for the use of any force. The weapon used by Officer Prentiss is not intended to be shot at a person such as Brown. Officer Prentiss's misuse of the weapon and use of excessive force caused great bodily injury to Brown.

19. Prentiss's use of force on Brown was excessive and unlawful, especially wherein Brown had committed no acts which would warrant the use of force.

20. Regardless, Brown would not have been injured but for her unlawful detention by the Defendants.

21. The pressurized force from the pepper spray severely damaged Jessie's right eye, causing her permanent loss of vision and disfigurement.

## **ALLEGATIONS OF LAW**

22. It is the policy, practice or custom of all Defendants to violate the procedural and substantive due process rights of those citizens under their jurisdiction.

23. It is the policy, practice or custom of all Defendants to engage in actions that are fundamentally unfair to its citizens.

24. Defendants, by and through their actions and under the color of law, violated Plaintiff's constitutionally protected rights.

25. At all times relevant, the Plaintiff's constitutional rights, as alleged herein, were violated.

---

[2] Brown will amend her complaint to include Officer Prentiss once Brown learns the full name of "Officer Prentiss"

26. At all times relevant, the Plaintiff's constitutional rights, as alleged herein, were clearly established.

27. Plaintiff has suffered injury to her constitutional and statutory rights.

28. As a result of Defendants' conduct, Plaintiff has suffered humiliation, embarrassment, and loss of reputation and professional credibility.

29. Alternatively, because of liability in effect for issues of this kind, and because it is the intent of the Mississippi Legislature that the Defendants pay any claims for violation of a citizen's rights in damages under Mississippi Law, the doctrine of *Monell v. Department of Social Services*, 475 U.S. 335 (U.S. 1986) should not apply to this cause, and the Defendants should be held vicariously liable for its officials causing the civil liberty violations of Plaintiff.

## I.  FIRST CAUSE OF ACTION – 42 U.S.C. § 1983
## DUE PROCESS – FREEDOM OF SPEECH – COUNTY/AVERY

30. Brown hereby adopts all previously stated paragraphs as though fully restated herein.

31. The Defendants retaliated against Brown for exercising her Constitutional Rights in making complaints to Defendants about being raped by Avery.

32. The motivating reason for the Defendants' retaliation against Brown are the complaints and claims made by Brown, which are protected free speech and are matters of public concern. There was no independent reason for Brown to be placed in solitary confinement.

33. The Defendants have no good faith basis for their retaliatory actions in placing Brown in solitary confinement following her complaints. Defendants' actions have the effect and intent of chilling the free speech rights of Brown and others similarly situated to Brown.

## II.  SECOND CAUSE OF ACTION – 42 U.S.C. § 1983
## DUE PROCESS – AGAINST ALL DEFENDANTS

34. Brown hereby adopts all previously stated paragraphs as though fully restated herein.

35. Brown was unlawfully incarcerated and imprisoned by the Defendants due to unpaid fines, in violation of well-established law.

36. Plaintiff's arrests and incarcerations due to unpaid fines is a violation of Plaintiff's rights under the Constitution and the 14th Amendment. Defendants Lucedale[3] and County caused Brown to be imprisoned due to alleged unpaid fines.

37. Further, Defendant George County was deliberately indifferent to the rights of Brown as evidenced by the County's failure to hire, train, and supervise Avery and the other officers at the George County Regional Correctional Facility, as alleged herein.

38. Both Defendants were deliberately indifferent to the rights of Brown as evidenced by the Defendants' failure to hire, train, and supervise its agents and employees regarding the unlawfulness of imprisoning Brown based upon unpaid fines, without a hearing, and without assistance of counsel.

## III.  THIRD CAUSE OF ACTION – 42 U.S.C. § 1983
## EIGHTH AMENDMENT - CRUEL AND UNUSUAL PUNISHMENT –
## COUNTY/AVERY

39. Brown hereby adopts all previously stated paragraphs as though fully restated herein.

40. Brown was subjected to cruel and unusual punishment, as complained of herein, while incarcerated by Defendants, in violation of the Brown's constitutional rights.

---

[3] Upon information and belief

41. The actions of the Defendants, as complained of herein, violated Brown's rights under the 8th Amendment to the United States Constitution to be free from cruel and unusual punishment.

### IV.    FOURTH CAUSE OF ACTION - 42 U.S.C. 1983
### EXCESSIVE FORCE IN VIOLATION OF THE FOURTEENTH AMENDMENT AND PLAINTIFF'S RIGHT TO BODILY INTEGRITY – COUNTY/AVERY

42. Brown incorporates by reference each of the preceding paragraphs as though fully restated herein.

43. On or about April 15, 2017 Brown was unlawfully imprisoned by Defendants at the George County Regional Correctional Facility.

44. Defendant George County, through their employee "Officer Prentiss," used unlawful and excessive force on Brown through the use of pressurized pepper spray, as complained of herein.

45. Brown has a constitutional right to bodily integrity and to be free from the use of excessive force and outrageous and unreasonable force, which shocks the conscience and offends traditional notions of decency.

46. Brown has a right to be free from the use of force and the deprivation of life and liberty without due process of law.

47. Brown's rights were clearly established and violated by the Defendants' actions as described herein.

48. Brown's damages, as complained of herein, would not have occurred but for Brown's unlawful and unconstitutional incarceration.

## V.   FIFTH CAUSE OF ACTION - 42 U.S.C. 1983
## VIOLATION OF THE FOURTEENTH AMENDMENT
## AND BROWN'S RIGHT TO BODILY INTEGRITY
## COUNTY/AVERY

49. Brown incorporates by reference each of the preceding paragraphs as though fully restated herein.

50. Brown was unlawfully incarcerated by the Defendants when Brown was sexually assaulted/raped by Warren Avery

51. Brown has a constitutional right to bodily integrity and to be free from sexual assault by a George County employee, which shocks the conscience and offends traditional notions of decency.

52. Brown has a right to be free from the deprivation of life and liberty without due process of law.

53. Brown's rights were clearly established and violated by the Defendants' actions as described herein.

54. Brown's damages, as complained of herein, would not have occurred but for Brown's unlawful and unconstitutional incarceration.

## VI.   SIXTH CAUSE OF ACTION – 42 U.S.C. § 1983
## RIGHT TO COUNSEL/EQUAL PROTECTION/DUE PROCESS – AGAINST ALL DEFENDANTS

55. Brown incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

56. Defendants' policy and practice of creating a debtor's prison and incarcerating Brown violates Brown's rights secured under the 14th Amendment.

57. Brown's rights under the 14th Amendment, as alleged herein, are well established and have been for over thirty-years.

58. Defendants violated Brown's rights by imprisoning Brown for alleged unpaid fines without a hearing and without considering alternative punishments.

59. Further, Brown's rights to counsel under the 6th Amendment were violated when Brown was incarcerated for alleged unpaid fines, as Brown was not provided an attorney prior to being incarcerated.

### VII.  SEVENTH CAUSE OF ACTION
### State Law Claims – COUNTY/AVERY

60. Brown incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

61. Plaintiffs served the Defendants with notice of this action pursuant to the Mississippi Tort Claims Act on or about May 30, 2017. **Exhibit A.** Under Mississippi law those claims have now become ripe.

62. Based upon the facts alleged herein, and those made in Brown's Mississippi Tort Claim Act notice, the Defendants are liable for negligence, gross negligence, reckless disregard, negligent hiring, negligent retention, negligent training, negligent supervision, assault, battery, unlawful detention/imprisonment, breach of duty, outrage, excessive use of force, unlawful punishment, negligent and intentional infliction of emotional distress, and abuse of process.

### **DAMAGES**

63. Brown hereby adopts all previously stated paragraphs as though fully restated herein.

64. The actions of the Defendants have caused substantial damage and injury to Brown.

65. Brown has suffered severe emotional distress, anxiety, loss of reputation, stress, embarrassment, shame, loss of enjoyment of life, personal injuries, permanent disfigurement,

disability, medical costs, lost wages, loss of earning capacity and loss of standing in the community.

66. Defendants' actions are outrageous such that punitive damages, attorney fees, and other economic and non-pecuniary damages should be awarded.

WHEREFORE, Brown respectfully prays this Court:

1. Assume jurisdiction over this action;

2. Declare that Defendants' actions, as herein described, violated Plaintiff's constitutional rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution;

3. Award appropriate equitable relief including but not limited to prospective injunctive relief, declaratory and other injunctive remedies;

4. Award Plaintiff nominal and actual damages for Defendants violation of their constitutional and statutory rights;

5. Award Plaintiff compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

6. Award pre-judgment and post-judgment interest at the highest lawful rate;

7. Award Plaintiff her costs of litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. sec. 1983 and/or 20 U.S.C. sec. 1400 et seq., and

8. Grant such other relief to which Plaintiff may be entitled or as this Court deems necessary and proper.

Respectfully submitted this the 14th day of September, 2017.

**JESSICA BROWN CARROLL**

**PLAINTIFF**

By:   */s/ Daniel M. Waide*
DANIEL M. WAIDE, MSB # 103543

Daniel M. Waide, (MSB#103543)
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net

Jefferson Stewart, Esq.
Joe Beard, Esq.
Anna Kathleen Rush, Esq.
Beard & Stewart Attorneys at Law, PLLC
P O Box 1177
Leakesville, MS 39451-1177

11