IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **ESTATE OF JESSICA DANIELLE BROWN CARROLL** | **PLAINTIFF** |
| v. | CAUSE NO. 1:17-cv-230-LG-RHW |
| **CITY OF LUCEDALE, MISSISSIPPI, ET AL.** | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER GRANTING GEORGE COUNTY, MISSISSIPPI'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is Defendant George County, Mississippi's ("George County" or "the County") [74] Motion for Summary Judgment. These issues have been fully briefed by the parties. After due consideration, the Court grants summary judgment in favor of George County, in large part because Plaintiff has not created a genuine issue of material fact that her constitutional claims, as alleged and evidenced, were the result of county policies. Plaintiff's state law tort actions are barred by statutory sovereign immunity.

### BACKGROUND

Plaintiff appeared in the County Court of George County, Mississippi due to nonpayment of fines relating to her failure to maintain automobile liability insurance.[1] Although Plaintiff informed the county court that she was unable to pay the fine imposed, the county judge sentenced her to 59 days in jail. Plaintiff was thereafter confined to George County Regional Correctional Facility. (Pl.'s Am.

---

[1] This lawsuit was originally filed by Jessica Danielle Brown Carroll. After her death, the Court substituted the Estate of Jessica Danielle Brown as Plaintiff.

Compl. at ¶ 8, ECF No. 4). While incarcerated, Plaintiff alleges that she was raped and humiliated by a corrections officer, Defendant Warren Avery. (*Id.* at ¶¶ 11-16). All evidence in the record indicates that George County had no knowledge of prior misconduct by Avery. (*See* Incident Report, ECF No. 74-7; Dep. Pamela Davis at 12:21-14:4, ECF No. 74-2). Plaintiff was incarcerated again in April 2017. (*Id.* at ¶¶ 17-21). During her incarceration she was allegedly "pepper sprayed" by an Officer Prentiss. (*Id.*). Plaintiff alleges that this use of force was excessive and unnecessary and injured her right eye. (*Id.*).

Plaintiff brought the instant lawsuit, alleging violations of her constitutional rights under 42 U.S.C. § 1983 and various tort actions under state law. (*Id.* at ¶¶ 30-66). Specifically, Plaintiff alleges violations of her rights to due process and equal protection of the laws, her right to be free from cruel and unusual punishment, and her right to counsel. (*See generally* Pl.'s Am. Compl. at ¶¶ 30-59, ECF No. 4). Plaintiff also brings state law tort actions, including negligence, gross negligence, assault, battery, false imprisonment, and negligent and intentional emotional distress, among others. (*Id.* at ¶¶ 60-62).[2]

## DISCUSSION

### I. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any

---

[2] Plaintiff has conceded her claims for First Amendment retaliation, and those for negligent hiring, supervision, and retention. (Pl.'s Resp. Def.'s Mot. Summ. J. at 2, ECF No. 76).

- 2 -

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

"A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the evidence presented by the nonmovant "'is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 249). In deciding whether summary judgment is appropriate, the Court views the evidence and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

## II. Federal Claims

42 U.S.C. § 1983 provides a cause of action for the violation of an individual's rights secured by the Constitution or laws of the United States by a person acting under color of state law. "To state a claim under 42 U.S.C. § 1983, a plaintiff must

first show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting under color of state law." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005) (citing *West v. Atkins,* 487 U.S. 42, 48-50 (1988)).

Further, Plaintiff's numerous section 1983 claims against George County must directly attribute the unconstitutional conduct to the municipality. In other words, the County cannot be held liable for the acts of its employees under a theory of *respondeat superior*. *Piotrowski v. City of Houston,* 51 F.3d 512, 515 (5th Cir. 1995) (citing *Bd. of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997)). This attribution can be made in the following way. "Under the decisions of the Supreme Court and this court, municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski*, 237 F.3d at 578 (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Therefore, Plaintiff must show not only an underlying constitutional violation, but also that a county policy existed and was the "moving force" behind the alleged violation.

1.  **Equal Protection and Due Process Claims**

Plaintiff's Amended Complaint sets forth two causes of action under the Due Process clause of the Fourteenth Amendment. (Pl.'s Am. Compl. at ¶¶ 34-38; 55-59, ECF No. 4). Specifically, Plaintiff alleges that George County's "policy and practice of creating a debtor's prison and incarcerating Brown violates [her] rights secured

under the 14th Amendment" and that George County imprisoned her "for alleged unpaid fines without a hearing and without considering alternative punishments." (Pl.'s Am. Compl. at ¶¶ 56, 58, ECF No. 4). Plaintiff also claims a violation of the Equal Protection clause.

The Court is mindful, however, that before George County can be held responsible for any due process or equal protection violation, an official policy must have existed and moved the alleged unconstitutional conduct. The Fifth Circuit has defined "policy" to include "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). "Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority." *Id.*

Federal district courts in this Circuit have expounded the sort of policy that will give rise to municipal liability in the fine incarceration context. *See Doe v. Angelina Cty., Tex.*, 733 F. Supp. 245, 257 (E.D. Tex. 1990) (finding a policy where there was undisputed evidence that the sheriff had acquiesced to county officials' practice of automatically converting a fine sentence into a jail sentence without a hearing); *De Luna v. Hidalgo Cty., Tex.*, 853 F.Supp.2d 623, 641 (S.D. Tex. 2012) (finding a policy where the sheriff permitted fine debtors to be arrested and jailed

before arraignment, where their jail time was calculated based on their fine debt, and no questions were asked about their ability to pay); *Cain v. City of New Orleans*, 281 F.Supp.3d 624, 647-48 (E.D. La. 2017) (finding a policy where multiple plaintiffs presented evidence "that the Judges have a practice of not inquiring into plaintiffs' ability to pay court debts when plaintiffs are essentially held in civil contempt and imprisoned for nonpayment").

Plaintiff has offered nothing of this nature. Instead, she cites the deposition of Warden Fairley, who answered in the affirmative when asked whether it is "a common practice in the county to jail people for failing to pay fines." (Dep. Bobby Fairley at 43:15-25, ECF No. 76-1). However, even if this were an unconstitutional practice, Plaintiff has not successfully attributed it to the County. The Fifth Circuit has stated that a municipal judge's actions in wrongfully incarcerating an indigent are taken in a judicial capacity and do not amount to official policy. *Whisenant v. City of Haltom City*, 106 F. App'x 915, 917 (5th Cir. 2004) ("The City cannot be liable under § 1983 for having a 'policy' of wrongfully incarcerating indigent defendants because the relevant decisions were made by a municipal judge acting in his judicial capacity.").

Likewise, Plaintiff's alleged procedural due process violations were caused by the county judge. For instance, Plaintiff alleges that she "was not provided an attorney prior to being incarcerated." (Pl.'s Amend. Compl. at ¶ 59, ECF No. 4). The county judge's acts or omissions with respect to appointment of counsel and

Plaintiff's hearing were taken in a judicial, rather than administrative, capacity. *See DeLeon v. City of Haltom City*, 106 F. App'x 909, 910 (5th Cir. 2004) ("Former municipal judge Byno, not the City, made the decisions not to provide DeLeon with an indigency hearing, not to inform her of her right to counsel, and not to appoint counsel for her." ). Therefore, assuming *arguendo* that Plaintiff's incarceration and the antecedent procedure violated her constitutional rights, she has still not shown that George County may be held liable for these violations. Without a genuine factual issue as to an essential element of her *Monell* claim against the County, Plaintiff's substantive due process, procedural due process, and equal protection claims cannot stand. Accordingly, George County is entitled to summary judgment on these claims.

### 2.  **Eighth Amendment Claims**

Plaintiff alleges that she "was subjected to cruel and unusual punishment . . . while incarcerated by Defendants." (Pl.'s Am. Compl. at ¶ 40, ECF No. 4). Plaintiff also couches her prison-related allegations in the due process language of the Fourteenth Amendment (*Id.* at ¶¶ 45-46), but the parties brief these issues in terms of the Eighth Amendment. (Def.'s Mem. Mot. Summ. J. at 7-10, ECF No. 75; Pl.'s Resp. Opp. Def.'s Mot. Summ. J. at 15-19, ECF No. 76). The Court will consider each of Plaintiff's claims, aided by the additional guidance of *Monell*.

Plaintiff has submitted some evidence that she was not "convicted" of any crime. (*See* Mittimus Order, ECF No. 76-2.) The Court does, however, note that she

was "sentenced." The Court need not decide whether Plaintiff was a convicted prisoner, as her rights are little different between the two amendments. "That pretrial detainees may have more protections or rights, in general . . . does not mean that they are entitled to greater protection of rights shared in common with convicted inmates." *Hare*, 74 F.3d at 649. Irrespective of that issue, however, the Court finds that Plaintiff's claims against the County should be dismissed because she has not created a genuine issue of material fact as to the existence of a policy.

### A.     Term of Imprisonment

Plaintiff argues that her 59-day sentence for failing to maintain automobile liability insurance is not authorized by statute and is "itself a form of cruel and unusual punishment prohibited by the Eighth Amendment." (Pl.'s Resp. Def.'s Mot. Summ. J. at 15, ECF No. 76). She argues that the County illegally sentenced her to this term according to its own customs and practices. (*Id.*) But Plaintiff has again failed to offer summary judgment evidence of a county policy with respect to sentencing beyond or despite statutory limitations. Insofar as Plaintiff was sentenced by a county judge acting in his judicial capacity, such decisions do not represent official county policy. *See Whisenant*, 106 F. App'x at 917.

### B.     Excessive Force

Plaintiff's next cognizable claim under the Eighth or Fourteenth Amendment is her claim for "excessive force." (*See* Pl. Am. Compl. ¶¶ 42-54, ECF No. 4). Defendant's argument supposes that Plaintiff's excessive force claim arises out of

- 8 -

her pepper-spray allegations (Def.'s Mem. Supp. Mot. Summ. J. at 7-8, ECF No. 75), but Plaintiff's discussion is centered on her sexual assault by Avery (Pl.'s Resp. Def.'s Mot. Summ. J. at 15, ECF No. 76).

Plaintiff has not produced any evidence that George County has a policy affirming the use of pepper spray or a policy affirming sexual assault on inmates.[3] (The County, rather, has a policy *against* the use of chemical agents to punish inmates.) (GCRCF Policy, ECF No. 74-6). In the absence of a county policy that could have served as the moving force behind the alleged sexual assault and use of pepper spray, George County is entitled to summary judgment on Plaintiff's claims of excessive force.

### C. Failure to Protect

Plaintiff's final claim also regards her allegations of sexual assault by a corrections officer, Defendant Warren Avery. (Pl.'s Am. Compl. at ¶¶ 49-54, ECF No. 4). Defendant argues, *inter alia*, that "[n]ot only has Plaintiff failed to demonstrate she suffered a constitutional violation, she has failed to produce competent record evidence that any violation was prohibited by a policy, procedure or practice." (Def.'s Mem. Supp. Mot. Summ. J. at 10, ECF No. 75). This Court agrees.

Plaintiff's claim is similar to that considered by the Fifth Circuit in *Scott v.*

---

[3] Defendant also argues that Officer Prentiss's use of pepper-spray was *de minimis*, which punishments are "necessarily exclude[d] from constitutional recognition," *Hudson*, 503 U.S. 1, 9-10, and that Plaintiff has not shown an injury. The Court does not address these arguments because it has decided on other grounds.

*Moore*, 114 F.3d 51 (5th Cir. 1997). There, a pretrial detainee alleged that she had been sexually assaulted by a jailer. *Id.* at 52. The Fifth Circuit held that the City could not be liable without demonstration of "a municipal custom, rule, or policy adopted or maintained with *objective* deliberate indifference to the detainee's constitutional rights." *Id.* at 54. *A fortiori*, the same or a stricter standard applies to post-conviction allegations. *Wade v. Montgomery Cty., Tex.*, 2019 WL 5653878, at *5 (S.D. Tex. 2019); *see also Hare*, 74 F.3d at 649. In *Scott*, the plaintiff argued that the City had a policy of "inadequate staffing" which resulted in the assault. *Scott*, 114 F.3d at 54. But there was no evidence the City knew of the possibility of sexual assault by the jailer, as it performed background investigations on new hires, and the accused jailer had no such record in previous similar positions. *Id.* Further, the plaintiff's evidence that the jailer had received other sexual acts from inmates did not establish "that the city knew or should have known of the risk attendant to its staffing policy," as it had also separated male officers from interacting with female detainees. *Id.*

Plaintiff advances substantially less in the way of evidence that George County knew of a substantial risk of harm in Officer Avery or enacted any policy with objective deliberate indifference to her constitutional rights. Plaintiff argues that the rape was "reasonably foreseeable" because the County is governed by the Prison Rape Elimination Act (PREA). (Pl.'s Resp. Def.'s Mot. Summ. J. at 19, ECF No. 76). Plaintiff does not, however, argue that the County violated the PREA or

engaged in any other policy or custom—something akin to inadequate staffing—which moved the alleged violation. (*Id.*) The County, in contrast, offered uncontroverted summary judgment evidence that it complies with the PREA. (*See* Dep. Pamela Davis at 15:3-16:20, ECF No. 74-2; Dep. Bobby Fairley, 37:21-38:25). Again, Plaintiff has not created a genuine issue of material fact that a county policy existed and moved its alleged failure to protect her from sexual assault.

Further, the County urges that it had no forewarning of Avery's sexual assault until Plaintiff informed them. (Def.'s Mem. Supp. Mot. Summ. J. at 9, ECF No. 75). The County cites the initial report and deposition of Lieutenant Davis, both of which suggest that she was not aware of prior assaults by Avery. (*See* Incident Report, ECF No. 74-7; Dep. Pamela Davis, ECF No. 74-2). This evidence also remains undisputed by Plaintiff. While her Complaint alleges prior incidents involving Avery and that "George County was . . . suspicious of Avery's actions," she does not substantiate these allegations with any summary judgment evidence. (Pl.'s Am. Compl. at ¶¶ 12-15, ECF No. 4). Therefore, there is no genuine issue of material fact as to whether the County knew of facts which amount to "deliberate indifference," even by an objective standard.[4] As such, George County is entitled to summary judgment on Plaintiff's failure to protect claim.

---

4 Plaintiff also argues that George County should be held responsible for the sexual assault because it would not have occurred "but for" her incarceration. (*See* Pl.'s Resp. Def.'s Mot. Summ. J. at 17, ECF No. 76). While such a causation showing is necessary, it must be connected with a policy in a way that is "more than a mere 'but for' coupling between cause and effect." *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992).

**III.     State Law Claims**

Plaintiff alleges tort causes of action, including "negligence, gross negligence, reckless disregard, . . . assault, battery, unlawful detention / imprisonment, breach of duty, outrage, excessive use of force, unlawful punishment, negligent and intentional infliction of emotional distress, and abuse of process." (Pl.'s Am. Compl. at ¶ 62, ECF No. 4). George County argues that these tort claims are barred by the sovereign immunity provisions of the Mississippi Tort Claims Act (MTCA). (Def.'s Mem. Supp. Mot. Summ. J. at 11-12, ECF No. 75).

The MTCA provides, in pertinent part:

(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:

(m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

Miss. Code Ann. 11-46-9(1)(m) (2020).

The Mississippi Supreme Court has defined "inmate" to mean "a person confined to a prison, penitentiary or the like." *Wallace v. Town of Raleigh*, 815 So.2d 1203, 1207-08 (Miss. 2002). The Mississippi Supreme Court includes non-convicted pretrial detainees within the exception. *Liggans v. Coahoma Co. Sheriff's Dep't*, 823 So. 2d 1152 (Miss. 2002). Hence, the MTCA immunizes George County from any claims which arose while Plaintiff was an inmate at the George County Regional Correctional Facility.

To overcome the immunity, Plaintiff argues that she was unlawfully incarcerated and therefore "not an inmate subject to any lawful court order." (Resp. Opp. Def.'s Mot. Summ. J. at 20-21, ECF No. 76). This distinction, too, has been rejected. The Fifth Circuit has held: "the plain language of § 11-46-9(1)(m) does not contemplate any distinction between inmates being detained pursuant to a lawful court order and unlawfully-held detainees, and the Mississippi courts have declined to read such a distinction into the statute." *Fleming v. Tunica Cty. Miss.*, 497 F. App'x 381, 389-90 (5th Cir. 2012) (per curiam) (citing *Brooks v. Pennington*, 995 So.2d 733, 737 (Miss. Ct. App. 2007) ("In granting immunity from claims brought by an inmate, Section 11-46-9(1)(m) does not distinguish between those lawfully and unlawfully within the custody of the state.").

The Fifth Circuit's controlling interpretation is supported by other Mississippi case law, *see, e.g.*, *Tillman v. Miss. Dept. of Corrections*, 95 So.3d 716, 719 (Miss. Ct. App. 2012), as well as later decisions of this Court. *Montgomery v. City of Lumberton*, 2014 WL 4545922, at *2 (S.D. Miss. 2014); *Longino v. Hinds Cty., Miss. ex rel. Bd. of Sup'rs*, 2014 WL 4545943, at *3 (S.D. Miss. 2014). Plaintiff's argument is therefore without merit. George County is entitled to summary judgment on any tort action which arose at the time Plaintiff was incarcerated.[5]

---

5 The County invokes two other statutes of sovereign immunity—the police function exception and discretionary function exception. (Def.'s Mem. Supp. Mot. Summ. J. at 12, ECF No. 75). However, because the actions arguably excepted by these provisions overlap with those that are subject to the inmate exception, and because Plaintiff conceded her claims for negligent hiring, supervision, and

CONCLUSION

In summary, Plaintiff has conflated facts that may support claims against other parties, but has failed to demonstrate a genuine factual issue as to whether the alleged constitutional violations are the product of policies, procedures, or practices attributable to George County, Mississippi. Finally, Plaintiff's state law claims against the County which arose at the time of her incarceration are barred by statute.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendant's [74] Motion for Summary Judgment is **GRANTED.** Plaintiff's claims against George County, Mississippi, are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED**, that is no just reason for delaying entry of final judgment of dismissal with prejudice as to all claims filed by Plaintiff against George County, Mississippi and that this Order is hereby certified as a **PARTIAL FINAL JUDGMENT** pursuant to Fed. R. Civ. P. 54(b) as to all claims that have been made against Defendant George County, Mississippi and dismissing said Defendant.

**SO ORDERED AND ADJUDGED** this the 20th day of May, 2020.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

retention (Pl.'s Resp. Def.'s Mot. Summ. J. at 2, ECF. No. 76), the Court need not pass judgment on the merits of these exceptions.