IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ESTATE OF JESSICA DANIELLE**                                                    **PLAINTIFF**
**BROWN CARROLL**

**v.**                                                                       **CAUSE NO. 1:17-cv-230-LG-RHW**

**CITY OF LUCEDALE, MISSISSIPPI,**
**ET AL.**                                                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR RECONSIDERATION

**BEFORE THE COURT** is Plaintiff's [83] Motion for Reconsideration as to the Court's [82] Final Judgment of Dismissal With Prejudice as to Defendant, George County, Mississippi. The County did not respond to the Motion. After due consideration, the Court declines to alter or amend the Final Judgment.

### BACKGROUND

This lawsuit arose out of Plaintiff's incarceration at the George County Regional Correctional Facility for alleged nonpayment of fines relating to her failure to maintain automobile liability insurance.[1] (Pl.'s Am. Compl. ¶ 8, ECF No. 4). Plaintiff alleged that she was raped and humiliated by a corrections officer, Defendant Warren Avery, while incarcerated. (*Id.* at ¶¶ 11-16). Plaintiff sued, *inter alia*, George County, Mississippi, alleging various violations of her constitutional rights under 42 U.S.C. § 1983 and various tort actions under state law. (*Id.* at ¶¶ 30-66).

---

[1] This lawsuit was originally filed by Jessica Danielle Brown Carroll. After her death, the Court substituted the Estate of Jessica Danielle Brown as Plaintiff.

After George County moved for summary judgment on all causes of action, which was opposed by Plaintiff, the Court entered a [81] Memorandum Opinion and Order granting summary judgment in favor of George County. As to Plaintiff's § 1983 constitutional claims, the Court found that she had "failed to demonstrate a genuine factual issue as to whether the alleged constitutional violations are the product of policies, procedures, or practices attributable to George County, Mississippi." (Mem. Opinion & Order 14, ECF No. 81). Additionally, the Court certified this Order as a [82] Final Judgment under Rule 54(b).

Plaintiff then filed the present [83] Motion for Reconsideration, arguing that the Final Judgment was a *sua sponte* grant of summary judgment and urging this Court to assess summary judgment evidence on the dispositive issue of George County's municipal policies or customs.

## DISCUSSION

**I.     Motion for Reconsideration Standard**

"A motion for reconsideration filed within 10 days of entry of the judgment is treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), which tolls the period for filing a notice of appeal." *Fabian v. Reed*, 707 F.2d 147, 148 n.1 (5th Cir. 1983). Plaintiff filed her Motion for Reconsideration two days after the Court entered a Rule 54(b) Final Judgment as to Defendant, George County, Mississippi. Hence, her Motion is governed by Rule 59(e).

"A motion to alter or amend the judgment under Rule 59(e) must clearly

- 2 -

establish either a manifest error of law or fact or must present newly discovered evidence." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted). The Fifth Circuit has provided the following guidance for considering Rule 59(e) motions:

> A Rule 59(e) motion calls into question the correctness of a judgment. . . . This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. . . . Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. . . . Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (internal citations and quotation marks omitted). The Fifth Circuit has instructed district courts considering Rule 59(e) Motions "to strike the proper balance between [two] competing interests"; these are (1) "the need to bring litigation to an end" and (2) "the need to render just decisions on the basis of all the facts." *Id.* at 479 (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990)). Accordingly, the Court will consider these interests in its decision.

## II. Equal Protection and Due Process Claims

Plaintiff raised several § 1983 claims against George County, invoking her constitutional rights to equal protection, substantive due process and procedural due process. The Court granted summary judgment to George County, finding that Plaintiff had not created a genuine issue of material fact as to whether these alleged constitutional violations were moved by a county policy. (Mem. Opinion & Order 7,

ECF No. 81). Plaintiff argues that, because George County never raised the issue of municipal liability in its initial brief, the Court's entry of summary judgment was *sua sponte* and deprived her of an opportunity to prevent evidence on the issue. (Pl.'s Mem. Supp. Mot. Reconsideration 5-6, ECF No. 84).

Contrary to Plaintiff's assertions, she explicitly raised the issue of municipal liability in her response brief on at least eight occasions, and much of the evidence she provided in support is the same as that which she re-urges here.[2] The Fifth Circuit encountered a similar situation in the case of *Atkins v. Salazar*, 677 F.3d 667 (5th Cir. 2011). Although the defendant failed to raise an affirmative defense in its supporting brief, the plaintiff "*himself* raised the business necessity defense in his summary judgment response brief." *Id.* at 679 (emphasis in original). Likewise, Plaintiff raised the issue of municipal liability in her responsive briefing with arguments and evidence as to the County's customs and practices.[3] *See supra* n. 2.

---

[2] Plaintiff argued: "George County concedes that the County has a practice of incarcerating people for unpaid fines" (Resp. Opp. Def.'s Mot. Summ. J. 3, ECF No. 76); "[t]he County has conceded that it is a common practice for the County to incarcerate persons for their failure to pay a fine" (*Id.* at 5); "in accordance with County practice, Ms. Brown was brought into his chambers and asked if she could pay the fines" (*Id.*); "Ms. Brown was sentenced in accordance with County practice to jail time because she could not afford to pay her fines" (*Id.* at 11); "Ms. Brown was then sentenced, per County practice, to a term of incarceration for 59 days despite no conviction for any crime" (*Id.*); "[i]n accordance with County practice, Ms. Brown was brought in to meet with a County Judge where the only questions asked were whether or not she could afford to pay her old fines" (*Id.* at 14); "Ms. Brown's rights to due process and right to counsel were violated by the customs and practices of George County" (*Id.*); and "the County acted in accordance with its own customs and practices and sentenced Ms. Brown to jail, without any finding of contempt or conviction" (*Id.* at 15).

[3] The Court also noted that the defendant had referenced facts relevant to the affirmative defense in its initial motion. *Id.* at 680. Moreover, although the defendant then discussed the issue in its reply brief, the plaintiff had the final word on the issue in his sur-reply. *Id.* at 680-81. Here, because the additional elements are necessary parts of Plaintiff's *Monell* claim rather than an affirmative defense, the County did not reference relevant facts in its brief. Also, because the County did not address the issue in its reply brief, she was granted the last word on the issue.

Much of her evidence on reconsideration is substantially the same as that advanced in her original response. But even if the Court granted summary judgment *sua sponte*, this procedural defect may be cured where the losing party has an opportunity to submit all its arguments and evidence on a Rule 59(e) motion for reconsideration. *Luig v. N. Bay Enters., Inc.*, 817 F.3d 901, 905 (5th Cir. 2016).

Here, in support of the existence of a county policy, Plaintiff cites Warden Fairley's affirmative answer as to whether it is "a common practice in the county to jail people for failing to pay fines" (Dep. Fairley 43:19-21, ECF No. 83-1), evidence which appeared several times in her original brief. Plaintiff also argues that the *mittimus* order which ordered her incarceration "was entered in a routine fashion and involved the judge and the justice court clerk." (Pl.'s Mem. Supp. Mot. Reconsideration 7, ECF No. 83). She also cites George County records that others have been incarcerated for failing to pay auto liability insurance. (George Cty. Supp. Resps., ECF No. 83-4).

Plaintiff's efforts to establish a policy from this evidence remain belied by the fact that "the relevant decisions were made by a municipal judge acting in his judicial capacity." *Whisenant v. City of Haltom City*, 106 F. App'x 915, 917 (5th Cir. 2004). While Plaintiff implicates the county-appointed clerk in the Judge's entry of the *mittimus* order, the Court finds that this simple clerical task cannot serve as a basis for the County's liability. Again, section 1983 jurisprudence demands that the alleged unconstitutional conduct be attributable to the County directly, rather than

by way of *respondeat superior*. *See Bd. of Cty. Com'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997) (recognizing "that a municipality may not be held liable under § 1983 solely because it employs a tortfeasor").

The same is true of Plaintiff's evidence of an alleged county policy against the appointment of counsel. Plaintiff excerpts Warden Fairley's statement that he does "not . . . know of" the County providing legal counsel to defendants like Plaintiff.[4] (Dep. Fairley 46:12, ECF No. 83-1). Even if this ambiguous statement were evidence of a county policy, the Court notes that the decision regarding the appointment of counsel was made by Judge Underwood acting in his judicial capacity. *See DeLeon v. City of Haltom City*, 106 F. App'x 909, 910 (5th Cir. 2004) ("Former municipal judge Byno, not the City, made the decisions not to provide DeLeon with an indigency hearing, not to inform her of her right to counsel, and not to appoint counsel for her.").

Plaintiff argues that Judge Underwood was merely an instrument of the county, acting pursuant to county policy rather than exercising his judicial function in applying state law. However, Plaintiff acknowledges that she was incarcerated for failing to pay a fine for a violation of state law, Miss. Code Ann. § 63-15-4. (Pl.'s Resp. Opp. Def.'s Mot. Summ. J. 2, ECF No. 76). There is no genuine issue of material fact that Judge Underwood was acting in his judicial capacity when

---

4 Plaintiff also cites testimony of the County Prosecutor, Joseph Griffin, that he is *not* part of "hearings to determine whether or not someone is indigent related to failure to pay fines." (Dep. Griffin 10:13-18). Plaintiff does not elaborate on how this implicates the County in allegedly unconstitutional policy.

ordered Plaintiff's incarceration for failure to pay, even if his judicial acts were improper. *See Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980) (holding that a Texas county judge's enforcement of state law is taken in his judicial capacity, "for which the citizens of a particular county should not bear singular responsibility," in contrast to "numerous executive, legislative and administrative chores in the day-to-day governance of the county," which are attributable to the judge as "the final authority or ultimate repository of county power"); *Carbalan v. Vaughn*, 760 F.2d 662, 665 (5th Cir. 1985) (holding that a city could not be held liable for the acts of a municipal judge who "erred in [the] exercise" of his "judicial duties" by incorrectly following state law). Again, even were these decisions incorrect, they cannot be fairly said to constitute county policy where they are taken in a judicial—not administrative—capacity.[5]

Moreover, regardless of the judicial aspect of the allegedly unconstitutional activity, the evidence offered by Plaintiff does not show an unconstitutional practice. "[T]here is nothing necessarily unconstitutional about imprisoning a convicted criminal defendant for failing to pay fines and fees." *Cain v. City of New Orleans*, No. 15-4479, 281 F. Supp. 3d 624, 649 (E.D. La. Dec. 13, 2017). Plaintiff conflates the act of incarcerating a defendant for failure to pay fines with the

---

5 Plaintiff also argues that "[t]he *mittimus* form order used in this case pre-existed Judge Underwood and was used by the County before he came into office." (*See* Mem. Supp. Mot. Reconsideration 7, ECF No. 84). It is not entirely clear how this position relates to the County's municipal liability. Plaintiff does not argue that the County encourages its judges to enter invalid or deficient *mittimus* orders. She indicates that it was Judge Underwood who "made some changes to the County Form Order for jailing people for unpaid fines." (*Id.*).

unconstitutional acts of (1) omitting inquiry into that defendant's ability to pay and (2) incarcerating an *indigent* defendant for failure to pay fines beyond the maximum term for the substantive offense. *See Williams v. Illinois*, 399 U.S. 235 (1970); *Bearden v. Georgia*, 461 U.S. 660, 672 (1983). In the light most favorable to Plaintiff, her evidence indicates that the County regularly imprisons defendants for failing to pay fines related to auto insurance; she has not shown that George County routinely jails indigent defendants or else routinely omits inquiry into defendants' failure to pay.[6] *See, e.g., Cain*, 281 F.Supp.3d at 648 (finding a policy where "the Judges have a practice of not inquiring into plaintiffs' ability to pay court debts when plaintiffs are essentially held in civil contempt and imprisoned for nonpayment").

In sum, Plaintiff has not offered evidence which creates a genuine factual issue that a county policy existed and moved the alleged constitutional violations which led to her confinement. Hence, the county cannot be held liable for the damages, however tragic, which befell Plaintiff during the period of her incarceration.

### III.   State Law Claims

Plaintiff urges this Court to reconsider its ruling on the inmate exception,

---

6 On the contrary, the evidence indicates that Judge Underwood *did* inquire into her ability to pay the fine. He testified that, with respect to defendants owing fines, he "usually . . . ask[s] can you pay and according to whether they can or they can't," and after a certain time, "they come back in and show cause why they can't pay it." (Dep. Jessie Underwood 13:2-19, ECF No. 83-3). Plaintiff herself argued that, "[i]n accordance with County practice, [she] was brought in to meet with a County Judge where the only questions asked where whether or not she could afford to pay her old fines." (Pl.'s Resp. Opp. Def.'s Mot. Summ. J. 14, ECF No. 76).

arguing that "Plaintiff was not an inmate." (Mem. Supp. Mot. Reconsideration 14, ECF No. 84). As the Court noted in its previous order, "the plain language of § 11-46-9(1)(m) does not contemplate any distinction between inmates being detained pursuant to a lawful court order and unlawfully-held detainees, and the Mississippi courts have declined to read such a distinction into the statute." *Fleming v. Tunica Cty. Miss.*, 497 F. App'x 381, 389-90 (5th Cir. 2012) (per curiam). If Plaintiff was incarcerated unlawfully, she remained an "inmate" within the meaning of the inmate exception. Accordingly, this ruling will not be reconsidered.

## CONCLUSION

Because Plaintiff has not created a genuine issue of material fact that the numerous constitutional violations alleged in her Complaint were the product of policies attributable to George County, the Court must deny Plaintiff's Motion for Reconsideration.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's [83] Motion for Reconsideration is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 15th day of July, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE